# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MARK ROBINSON, | : | Case No. 3:16-cv-505 |
| | : | |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| | : | |
| NANCY A. BERRYHILL, | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY, | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ENTRY

This case is before the Court on the parties' Joint Stipulation for Award of EAJA Fees. (Doc. #15). Specifically, the parties stipulate and petition this Court to enter an order awarding attorney fees in the total amount of $4,500.00 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. This stipulation represents a compromise of disputed positions and is not intended to set a precedent for any specific hourly rate. The award of attorney fees will fully satisfy any and all Plaintiff's claims for fees, costs, and expenses under 28 U.S.C. § 2412, that may be payable in this case.

Any fees paid belong to Plaintiff and can be offset to satisfy any pre-existing debt that Plaintiff owes the United States, pursuant to the decision in *Astrue v. Ratliff*, 560 U.S 586 (2010).

After the Court enters this award, if counsel for the parties can verify that Plaintiff owes no pre-existing debts to the United States that are subject to offset,

Defendant will direct that the award be made payable to Plaintiff's attorney pursuant to the attorney's fee assignment duly signed by Plaintiff and his counsel. Defendant will direct the Treasury Department to mail any check in this matter to the business address of Plaintiff's counsel.

**IT IS THEREFORE ORDERED THAT:**

1. The Parties' Joint Stipulation for Award of EAJA Fees (Doc. #15) is accepted and the Commissioner shall pay Plaintiff's attorney fees, costs, and expenses in the total amount of $4,500.00;

2. Counsel for the parties shall verify, **within thirty days of this Decision and Entry,** whether or not Plaintiff owes a pre-existing debt to the United States subject to offset. If no such pre-existing debt exists, Defendant shall pay the EAJA award directly to Plaintiff's counsel pursuant to the EAJA assignment signed by Plaintiff and counsel; and

3. The case remains terminated on the docket of this Court.

**IT IS SO ORDERED.**

Date: March 26, 2018          s/Thomas M. Rose
                                                              Thomas M. Rose
                                                              United States District Judge